IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| ANTONIO G. REEVES, | ) |
| | ) |
| Movant, | ) |
| | ) |
| vs. | ) Case No. 1:07CV00005 ERW |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter comes before this Court upon Antonio Reeves' Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [doc. # 1], filed on January 8, 2007.

## I.  BACKGROUND FACTS

On May 22, 2003, Movant Antonio Reeves ("Movant") was charged by a Superceding Indictment with distribution of five grams or more of cocaine base in violation of 21 U.S.C. § 841(a).[1] On January 20, 2004, Movant entered into Plea Agreement, Guidelines, Recommendations, and Stipulations ("Plea Agreement") with the Government [doc. #6]. Pursuant to the Plea Agreement, Movant agreed to plead guilty to the charge in the Superseding

---

[1] Pursuant to 21 U.S.C. § 841(a), it is unlawful for any person "knowingly or intentionally . . . to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance; or . . . to create, distribute, or dispense, or possess with intent to distribute or dispense, a counterfeit substance."

1

Indictment. The parties recommended application of the 2002 version of the United States Sentencing Guidelines Manual ("Guidelines"), which they used in their recommendation for the Movant's base level. In the Plea Agreement, the parties recommended a base level of 26, if Movant were not a career offender,[2] and a base level of 34 if Movant were a career offender.[3] The parties agreed that the determination of Movant's Criminal History Category was to be decided by the Court after reviewing the Presentence Report ("PSR"). Movant admitted in the Plea Agreement that he had two prior felony convictions of either a crime of violence or a controlled substance offense. The parties further agreed that three levels should be deducted pursuant to Sections 3E1.1(a) and 3E1.1(b)(2) of the Guidelines, for acceptance of responsibility and timely notification of Movant's intention to enter a plea of guilty.

The plea agreement also contained a waiver of post-conviction rights. Movant and the Government agreed to waive "all rights to appeal all non-jurisdictional issues including, but not limited to: any issues relating to pre-trial motions, hearings and discovery; any issues relating to the negotiation, taking or acceptance of the guilty plea or the factual basis for the plea; and, whatever sentence is imposed, any issues relating to the establishment of the Total Offense Level or Criminal History Category determined by the Court." The parties reserved the right to appeal any Chapter 5 upward or downward departure from the Guidelines range if such departure was not agreed to in the Plea Agreement.

Movant further agreed to waive all rights to contest the conviction or sentence, except for

---

[2] The base level of 26 was determined by the amount of cocaine base involved in Movant's conduct and Section 2D1.1 of the Guidelines.

[3] The base level of 34 was determined by Section 4B1.1 of the Guidelines.

grounds of prosecutorial misconduct or ineffective assistance of counsel at the time of sentencing, in any post-conviction proceeding, including, but not limited to, a motion brought under 28 U.S.C. § 2241, 28 U.S.C. § 2255, and Rule 60(b) of Federal Rules of Civil Procedure, or by means of any other petition for relief of any description. Movant agreed that by entering into the Plea Agreement, he waived his right to a jury trial. He also agreed that he was fully satisfied with the representation he received from defense counsel. Movant agreed that his counsel had fully explained his rights and the consequences of waiving these rights. Movant acknowledged that the Plea Agreement was entered into voluntarily and not as a result of coercion. The Court found Movant competent and capable of making an informed guilty plea, and found him to be guilty of the offense charged on January 20, 2004.

The PSR was prepared by order of the court and provided that Movant was a career offender for the purposes of guideline sentencing. Before sentencing, Movant challenged the PSR on the ground that sentencing Movant as a career offender was unjust. On May 21, 2004, Movant's sentencing hearing was held. During the sentencing, Movant challenged the determination that he was a career offender. The Court found, in accordance with the PSR, that Movant qualified as a career offender and that the recommended sentencing rage was 188 to 235 months.[4] Movant was sentenced to 188 months imprisonment, four years supervised release, and a $100 special assessment.

On May 24, 2005, Movant filed a notice of appeal. He timely filed a direct appeal to the Eighth Circuit Court of Appeals. That Court affirmed Movant's conviction and sentence in a

---

[4] The 188-235 month guideline range was based on a total offense level of 31. The base level was 34 because Movant was career offender, and Movant received a 3 level reduction for acceptance of responsibility and timely notification of intent to plead guilty.

decision filed on June 10, 2005. *United States v. Reeves*, 410 F.3d 1031 (8th Cir. 2005). Movant then filed a petition for writ of certiorari with the United States Supreme Court. This petition was denied on October 11, 2005. *Reeves v. United States*, 546 U.S. 956 (2005). The Supreme Court denied Movant's petition for rehearing on February 27, 2006. *Reeves v. United States*, 546 U.S. 1226 (2006). On January 8, 2007, Movant filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [doc. #1]. The Court will now address that Motion.

## II. STANDARDS FOR RELIEF UNDER 28 U.S.C. § 2255

Pursuant to 28 U.S.C. § 2255, a federal prisoner may seek relief from a sentence imposed against him on the grounds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255.

A one-year period of limitation applies to motions under 28 U.S.C. § 2255. This period runs from the latest of: "(1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255.

4

The Court must hold an evidentiary hearing to consider claims in a section 2255 motion "[u]nless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief." *Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994) (quoting 28 U.S.C. § 2255). Thus, a "petitioner is entitled to an evidentiary hearing 'when the facts alleged, if true, would entitle him to relief.'" *Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996) (quoting *Wade v. Armontrout*, 798 F.2d 304, 306 (8th Cir. 1986)). The Court may dismiss a claim "without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Shaw*, 24 F.3d at 1043. *See also Blankenship v. United States*, 159 F.3d 336, 337 (8th Cir. 1998) ("[A] petition can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." (internal citation omitted)).

Section 2255 claims may also be limited by procedural default. A petitioner "cannot raise a non-constitutional or non-jurisdictional issue in a § 2255 motion if the issue could have been raised on direct appeal but was not." *Anderson v. United States*, 25 F.3d 704, 706 (8th Cir. 1994). Moreover, even constitutional or jurisdictional claims not raised on direct appeal are procedurally defaulted unless the petitioner can demonstrate either cause for the default and actual prejudice, or actual innocence. *See Bousley v. United States*, 523 U.S. 614, 622 (1998) (cited in *United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001)); *see also Larson v. United States*, 833 F.2d 758, 759 (8th Cir. 1987) (applying cause and actual prejudice requirement to § 2255 actions).

**III.    DISCUSSION**

The Court initially notes that Movant's claims can be conclusively determined based upon the Motion, the files, and the records of the case. Therefore, no evidentiary hearing will be held. *See Shaw*, 24 F.3d at 1043.

Movant has set forth four grounds for relief: (1) he received ineffective assistance of counsel because his attorney failed to advise him on the scope of the waiver in the plea agreement; (2) his prior conviction of attempted arson did not qualify him as a career offender; (3) he is entitled to re-sentencing after *United States v. Booker*; and (4) he reserved the right to appeal an upward departure from the sentencing guidelines. The Government argued in its Response to Movant's section 2255 Motion that the motion is time-barred and that Movant had waived his right to file a section 2255 motion. Because this Court finds that Movant's petition is time-barred, it does not address the merits of Movant's grounds for relief or the Government's waiver argument.

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a Section 2255 motion is subject to a one-year period of limitation. *Campa-Fabela v. United States*, 339 F.3d 993 (8th Cir. 2003) (per curiam). Absent impediment created by governmental action, a newly recognized right, or newly discovered facts, the limitation period runs from the date on which judgment of conviction becomes final. *See* 28 U.S.C. § 2255. *See also United States v. McIntosh*, 332 F.3d 550, 550 (8th Cir. 2003). A conviction becomes final when the United States Supreme Court denies a writ of certiorari, not when the Court denies a petition for rehearing. *Campa-Fabela*, 339 F.3d at 993-94.

In *Campa-Fabela*, the United States Court of Appeals for the Eighth Circuit found the

movant's section 2255 motion to be untimely. *Id.* at 994. There, the movant's petition for a writ of certiorari was denied on April 30, 2001, his petition for rehearing was denied on June 18, 2001, and he filed his Section 2255 motion on June 10, 2002. *Id.* Because the one-year limitation period began to run on April 30, 2001, the June 10, 2002 motion was untimely. *Id.* at 993-94. The Court reasoned, "[w]e find persuasive the reasoning of the courts that have specifically addressed the rehearing issue in the AEDPA context, relying on Supreme Court Rule 16.3 (order of denial not suspended pending disposition of petition for rehearing except by order of Court or Justice)." *Id.* at 994 (internal citations omitted).

Here, Movant's petition is untimely. The judgment of conviction became final and the limitation period began to run on October 11, 2005, when the Supreme Court denied Movant's petition for writ of certiorari. Movant did not file his Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, until January 8, 2007, a date that falls well outside the one-year limitation period. It is irrelevant that Movant's petition for rehearing was not denied until February 27, 2006. *See Camba-Fabela*, 339 F.3d at 993-94.

The alternative time periods under 28 U.S.C. § 2255 do not save Movant's petition. There is no evidence that governmental action impeded Movant's ability to make the motion before January 8, 2007. *See* 28 U.S.C. § 2255(2). Nor is there any evidence of newly discovered facts. *See* 28 U.S.C. § 2255(4). Finally, even if Movant could argue that *United States v. Booker*, 543 U.S. 220 (2005) recognized a new right and satisfied the requirements of 28 U.S.C. § 2255(3), *Booker* was decided on January 12, 2005. Movant did not file his motion within one year of this decision. Therefore, the motion is untimely under 28 U.S.C. § 2255 and must be denied.

## IV. CONCLUSION

Movant's claim is conclusively decided on the facts before this Court, and therefore no evidentiary hearing is required. Movant failed to file his 2255 petition within the one year statute of limitations and therefore his motion is untimely. The Court further finds that Movant has not made a substantial showing on the question of timeliness, such that reasonable jurists could debate the issue, and therefore a certificate of appealability is inappropriate. Therefore, the Court will not issue a certificate of appealability in this case. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (explaining that a "substantial showing" is a showing that the "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings").

Accordingly,

**IT IS HEREBY ORDERED** that Antonio Reeves' Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [doc. #1] is **DENIED**.

**IT IS FURTHER ORDERED** that Court shall not issue a certificate of appealability as to any claim raised in Petitioner's § 2255 Petition.

Dated this 25th day of September, 2007.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE